UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNSON BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 6452 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| JOSE SOLIS, an individual; ROSAELIA ARAMBULA, an individual; PALISADES ACQUISITION XVI, LLC; SPRINGLEAF FINANCIAL SERVICES OF ILLINOIS, INC. f/k/a AMERICAN GENERAL FINANCIAL SERVICES OF ILLINOIS, INC.; CITY OF NORTHLAKE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Johnson Bank brings this mortgage foreclosure action against Defendants Jose Solis, Rosaelia Arambula, Palisades Acquisition XVI, LLC ("Palisades"), Springleaf Financial Services of Illinois, Inc. f/k/a American General Financial Services of Illinois, Inc. ("Springleaf"), and the City of Northlake ("Northlake"). Johnson Bank seeks to foreclose on Solis and Arambula's mortgage because they have not made their required monthly mortgage payments since March 2014. Only Solis and Arambula have participated in the litigation. Thus, Johnson Bank seeks an order of default against Palisades, Springleaf, and Northlake, in addition to the entry of summary judgment and a judgment of foreclosure and sale against Solis and Arambula. Because Johnson Bank has demonstrated that it is entitled to judgment against Solis and Arambula and an order of default against the remaining Defendants, Johnson Bank's motion [26] is granted.

## BACKGROUND[1]

On December 21, 2007, Solis and Arambula executed a note payable to Johnson Bank for $202,500 with interest. The note was secured by a mortgage on the property located at 116 S. Marilyn Ave., Northlake, Illinois. Solis and Arambula made payments on the note until March 1, 2014. This default caused Johnson Bank to accelerate the note. Solis and Arambula have not cured the default. As of August 12, 2015, the total amount due and owing was $256,305.13, which includes principal, interest, late charges, attorneys' fees and costs, and other miscellaneous amounts. Pursuant to the note, Solis is personally liable for any deficiency.

The complaint indicates that Palisades was joined as a Defendant because it holds a judgment against Arambula. Springleaf was joined as a Defendant because it holds a judgment against Solis. Northlake was joined as a Defendant because it has a water and/or sewer services lien against the property.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits, if any, that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of

---

[1] The facts in this section are taken from Johnson Bank's statement of material facts, in addition to the affidavit of proof accompanying Johnson Bank's motion for summary judgment. Docs. 26-2, 26-4. Solis and Arambula did not participate in the Court's summary judgment procedures, nor have they filed a statement admitting or disputing any of Johnson Bank's facts, as required by Local Rule 56.1(b)(3). The Court therefore treats Johnson Bank's facts as undisputed for the purposes of resolving this motion. N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Setvo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) ("[D]istrict judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.").

material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

**I.     Summary Judgment against Solis and Arambula**

Although Solis and Arambula have not responded to Johnson Bank's motion for summary judgment, their failure to do so does not automatically entitle Johnson Bank to judgment on its claim, as the Court must still ensure that Johnson Bank is entitled to judgment as a matter of law. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Whether Johnson Bank may foreclose on the mortgage is a matter of contractual interpretation. *Bank of N.Y. Mellon v. Ward*, No. 12 C 8051, 2013 WL 1730584, at *2 (N.D. Ill. Apr. 22, 2013). Determining whether a contract is ambiguous and how to construe an unambiguous contract are both questions of law for the Court. *See Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379–80 (7th Cir. 2009) (citing *Gallagher v. Lenart*, 874 N.E.2d 43, 50, 226 Ill. 2d 208, 314 Ill. Dec. 133 (2007)). "If the contract's language is unambiguous, it must be given its plain and ordinary meaning." *Harmon v. Gordon*, 712 F.3d 1044, 1050 (7th Cir. 2013) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 47, 241 Ill. 2d 428, 349 Ill. Dec. 936 (2011)).

The operative terms of both the note and mortgage are unambiguous. The note defines "default" as the failure to "pay the full amount of each monthly payment on the date it is due." Doc. 1-1 at 17. The mortgage states that it secures repayment of the Loan, which is defined as "the debt evidenced by the Note, plus interest." *Id.* at 2–3. The mortgage further states that if a borrower's default is not cured, the lender "at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." *Id.* at 13. The mortgage also sets out that in the event of default, the holder of the mortgage "shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.*

The elements of Johnson Bank's foreclosure claim are undisputed. Johnson Bank is the holder of the note and the mortgage. Solis and Arambula have made no monthly payments since March 2014, leaving a balance of $161,948.33 as of August 12, 2015, with additional charges and interest, as set forth in Johnson Bank's filed affidavit of proof. *See* Doc. 26-2. Johnson Bank has incurred $8,842.50 in attorneys' fees and costs as a result of the default. *See* Doc. 26-6. Johnson Bank has demonstrated that Solis and Arambula have defaulted on the note and that pursuant to the mortgage's terms, it is entitled to foreclose on the property to recover the balance on the note, interest, associated charges, attorneys' fees, and costs.

In their answer, Solis and Arambula raised the affirmative defense that Johnson Bank had not complied with Illinois Supreme Court Rule 114(a). Rule 114(a) provides that a plaintiff must show that it has complied with any applicable loss mitigation programs before it moves for a judgment of foreclosure. Ill. Sup. Ct. R. 114(a). Regardless of whether Rule 114(a) was followed, it does not prevent entry of a judgment of foreclosure here, as Rule 114(a) is a

4

procedural rule and therefore does not apply in federal court. *See First Merit Bank, N.A. v. Dziedzic*, No. 13-cv-05202, 2014 WL 4638578, at *2 (N.D. Ill. Sept. 17, 2014); *Deutsche Bank Nat'l Trust, Co. v. Ortiz*, No. 12-CV-3651, 2014 WL 117347 (N.D. Ill. Jan. 13, 2014); *HSBC Bank USA, N.A. v. Aguilar*, No. 12 C 10397, 2013 WL 4451248 (N.D. Ill. Aug. 16, 2013). But even if it did apply in federal court, Johnson Bank has attached a loss mitigation affidavit explaining its loss mitigation efforts. *See* Doc. 26-3. Thus, Solis and Arambula's asserted affirmative defense fails.

The Court further finds that Johnson Bank's attorneys' fees and costs in the amount of $8,842.50 are reasonable. Because the mortgage sets out that Johnson Bank is entitled to recover reasonable attorneys' fees, and because Solis and Arambula do not challenge the request for fees and costs, the Court grants Johnson Bank's request to recover $8,842.50 in fees and costs.

## II. Default against Palisades, Springleaf, and Northlake

Johnson Bank also moves for an order of default against Palisades, Springleaf, and Northlake. The docket reflects that Palisades was served on September 12, 2014, Doc. 11-4; that Springleaf was served on September 9, 2014, Doc. 11-2; and that Northlake was served on September 11, 2014, Doc. 11-3. None of these Defendants has filed an appearance or answer. Thus, an order of default is appropriate. Fed. R. Civ. P. 55(a). The Court will enter an order of default against Palisades, Springleaf, and Northlake.

## CONCLUSION

For the foregoing reasons, the Court grants Johnson Bank's motion for summary judgment, order of default, and judgment of foreclosure and sale [26]. Judgment is entered in favor of Plaintiff Johnson Bank and against Defendants Jose Solis and Rosaelia Arambula in the total amount of $256,305.13. Default judgment is entered in favor of Plaintiff Johnson Bank and against Defendants Palisades Acquisition XI, LLC; Springleaf Financial Services of Illinois, Inc. f/k/a American General Financial Services of Illinois, Inc.; and City of Northlake. The Court will enter a separate Judgment of Foreclosure. Finally, the Court grants Johnson Bank's motion to appoint a selling agent [26-1] to effectuate the sale of the property. The Court appoints Intercounty Judicial Sales as special commissioner for the purpose of conducting a public foreclosure sale of the property in accordance with the terms of the Judgment of Foreclosure.

Dated: February 22, 2016

SARA L. ELLIS
United States District Judge