THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED FROM YOU MAY BE USED FOR THAT PURPOSE.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNSON BANK. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 cv 06452 |
| | ) | |
| JOSE SOLIS, an individual; ROSAELIA | ) | 116 S. Marilyn Avenue, |
| ARAMBULA, an individual; | ) | Northlake, IL 60164 |
| PALISADES ACQUISITION XVI, LLC; | ) | |
| SPRINGLEAF FINANCIAL SERVICES OF | ) | |
| ILLINOIS, INC. f/k/a AMERICAN GENERAL | ) | |
| FINANCIAL SERVICES OF ILLINOIS, INC.; | ) | |
| CITY OF NORTHLAKE; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR AN *IN PERSONAM* DEFICIENCY JUDGMENT
AGAINST JOSE SOLIS IN THE AMOUNT OF $157,607.31**

NOW COMES Plaintiff Johnson Bank, by and through its attorneys, Klein, Daday, Aretos & O'Donoghue, LLC, and moves for entry of an *in personam* deficiency judgment pursuant to 735 ILCS 5/15-1508(e) against Jose Solis in the amount of $157,607.31. In support thereof, Plaintiff states as follows:

1. On or about December 21, 2007, Defendant Jose Solis executed a promissory note in favor of Johnson Bank, in the original principal amount of $202,500.00, a copy of which is attached hereto and incorporated herein as Exhibit "A".

2. The Note was secured by a mortgage dated December 21, 2007, and recorded March 4, 2008 as document no. 0806408275. The loan was modified on November 1, 2013, the Loan Modification Agreement was recorded on January 16, 2014, as document no. 1401656037 in the Office of the Recorder of Deeds of Cook County, Illinois (the "Mortgage"). Said Mortgage

and Modification were executed by Jose Solis and Rosaelia Arambula and encumbers the real property located at 116 S. Marilyn Avenue, Northlake, IL 60164.

4. Plaintiff filed its complaint for mortgage foreclosure on August 21, 2014.

5. Counsel Todd Chermak filed an Appearance on January 13, 2015, on behalf of Jose Solis and an Answer on February 10, 2015, on behalf of the defendants Jose Solis and Rosaelia Arambula. *See* attached Exhibits "B".

6. On February 22, 2016, the court entered orders of judgment against defendants Jose Solis and Rosaelia Arambula and default against all remaining defendants.

7. Pursuant to the judgment of foreclosure and sale, the subject property was sold at a judicial sale on June 6, 2016 to Plaintiff.

8. After applying a credit in the amount of the total proceeds of the sale to the amount owed to Plaintiff, there exists a deficiency of $157,607.31. *See* Report of Sale, attached as Exhibit "C".

9. To date, Defendant Jose Solis has not filed for bankruptcy protection or received an order discharging his personal liability under the Note. *See* Exhibit "D" attached hereto.

WHEREFORE Plaintiff Johnson Bank hereby requests entry of an *in personam* deficiency judgment against Jose Solis in the amount of $157,607.31, and for such other relief as the Court deems just.

Respectfully submitted,
Johnson Bank

/s/ Daniel J. Lee
Daniel J. Lee
One of the Attorneys for Plaintiff

Klein, Daday, Aretos & O'Donoghue
2550 W. Golf Road, Suite 250
Rolling Meadows, IL 60008
(847) 590-8700
Attorney No. 3127015

2

# NOTE

LOAN # 

DECEMBER 21ST, 2007　　　　　WHITEFISH BAY　　　　　WISCONSIN
[Date]　　　　　　　　　　　　　　[City]　　　　　　　　　　　　[State]

116 S MARILYN AVE, NORTHLAKE, IL　60164
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   202,500.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is   JOHNSON BANK.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.625   %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1ST   day of each month beginning on   FEBRUARY 1ST, 2008  . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   JANUARY 1ST, 2038  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   P.O. BOX 248, RACINE, WI 53401-0248
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $   1,296.63  .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
Wolters Kluwer Financial Services
VMP®-5N (0207).01
Page 1 of 3　　　　　　Initials: _____



EXHIBIT A

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Jose G Solis_ (Seal)
JOSE G SOLIS -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

PAY TO THE ORDER OF
_____ (Seal)
WITHOUT RECOURSE
-Borrower

_____ (Seal)
-Borrower

This_____ Day of _____
JOHNSON BANK
_Betty L. Erbe_
BETTY L. ERBE
SECONDARY MARKET SPECIALIST

[Sign Original Only]

# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

Case Number: 14cv06452

Johnson Bank v. Jose Solis

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

Jose Solis

| | |
|---|---|
| NAME (Type or print) Todd Chermak | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) s/ Todd Chermak | |
| FIRM Ratowitz Law Group | |
| STREET ADDRESS 721 W Lake St. Ste 101 | |
| CITY/STATE/ZIP Addison IL 60101 | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) 6291470 | TELEPHONE NUMBER 312.577.9405 |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐   NO ✓ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ✓   NO ☐ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐   NO ✓ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ✓   NO ☐ |
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. RETAINED COUNSEL ☐   APPOINTED COUNSEL ☐ | |

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Johnson Bank | ) | No. 14 CV 6452 |
| Plaintiff(s), | ) | |
| vs. | ) | 116 S. Marilyn Ave. |
| | ) | Northlake, IL 60164 |
| Jose Solis; Rosaelia Arambula; Et Al. | ) | |
| Defendant(s), | ) | |

### ANSWER TO COMPLAINT TO FORECLOSE MORTGAGE

Now come the Defendants, Jose Solis and Rosaelia Arambula [hereinafter referred to as 'Defendants'], by and through counsel, David Ratowitz, Esq and in response to Johnson Bank's [hereinafter referred to as 'Plaintiff'] Complaint to Foreclose Mortgage, states as follows:

1. Neither Affirmed nor Denied

2. Denied. Plaintiff maintains presence in Illinois sufficient to defeat a genuine claim of diversity of citizenship. Proper jurisdiction lies in Cook County, IL.

3. Neither Affirmed nor Denied.

4. Affirmed

5. Denied. Proper venue is the Cook County Courthouse in Chicago, IL where proper jurisdiction lies

6. Denied. Plaintiff has attached no evidence of this as Exhibits in accordance with law and court procedures required of foreclosures in Lake County, IL.

7. Denied. Plaintiff has attached no evidence of this as Exhibits in accordance with law and court procedures required of foreclosures in Lake County, IL.

8. Affirms only that Exhibits were attached to the complaint. Defendant denies the claim that either exhibit comprise accurate and complete representations of the agreement between Defendant and any lender, Plaintiff herein or otherwise.

9.
- a. Affirmed
- b. Affirmed
- c. Affirmed
- d.
    - i. Affirmed
    - ii. Denied
    - iii. Denied
- e. Affirmed
- f. Affirmed
- g. Affirmed
- h. Affirmed
- i. Affirmed
- j. Denied
- k. Affirmed
- l. Affirmed
- m. Denied
- n. Denied
- o. Affirmed
- p. Denied

    **q.** Denied

    **r.** Denied

    **s.** Affirmed

10. Defendant raises the Affirmative Defense of Failure of Condition Precedent. Illinois Supreme Court Rule 114(a) imposes a duty to pursue all applicable loss mitigation alternatives prior to seeking a judgment of foreclosure. Courts in Illinois, to include those in Will County, IL wherein lies the subject property have required compliance with Rule 114(a) for judgments sought after May 1, 2013, even for cases filed prior to that date. Plaintiff has failed to comply with Rule 114(a) in this matter. Specifically,

    **a.** that Plaintiff has failed to comply with all provisions of the Servicer Participation Agreement with the U. S. Treasury Department's Making Homes Affordable program as described in the MHA Handbook dated June 1, 2011;

    **b.** Plaintiff has failed to explain or explore in any meaningful way their non-HAMP and internal loan modification programs;

    **c.** Plaintiff has failed to explain or explore in any meaningful way applicable loss mitigation alternatives such as short sale, deed-in-lieu, and Chapter 13 Bankruptcy.

11. Because Plaintiff has not met the burdens imposed by Illinois Supreme Court Rule 114(a), they cannot obtain a Judgment of Foreclosure at this time.

WHEREFORE, Defendant prays as follows:

A.     Plaintiff's claim for foreclosure and sale be denied;

B.     Plaintiff's claim for attorney's fees and costs be denied;

C.      Plaintiff's claim for shortened redemption period be denied;

D.      Plaintiff's claim for approval of foreclosure sale and an order granting possession be denied;

E.      Plaintiff's claim for a personal judgment for deficiency be denied;

F.      An order enjoining Plaintiff, from pursuing further foreclosure proceedings until they have complied with all provisions of their Servicer Participation Agreement with the U. S. Treasury Department's Making Homes Affordable program as described in the MHA Handbook dated June 1, 2011.

G.      For such other and further relief as this Honorable Court deems equitable and just.

Respectfully Submitted:

_____
David Ratowitz, Attorney for Defendant

David Ratowitz, Esq.
Attorney for Defendant
721 W. Lake St #106
Addison, Illinois 60101
312-798-9308
ARDC No. 6285376
Cook County Attorney No. 45219
DuPage County Attorney No. 266215

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
David Ratowitz, Attorney for Defendant

(Rev. 12/04/13)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNSON BANK;                                    )
                                    Plaintiff,)   14 CV 6452
              vs.                                )
JOSE SOLIS; ROSAELIA ARAMBULA; PALISADES         )
ACQUISITION XVI, LLC; SPRINGLEAF FINANCIAL       )
SERVICES OF ILLINOIS, INC. AND CITY OF           )
NORTHLAKE;                        Defendants,)

### REPORT OF SALE AND DISTRIBUTION

I, Shelly K. Hughes, the supervisor of sales of **Intercounty Judicial Sales Corporation**, special commissioner appointed in the matter captioned above, do hereby report:

**That** pursuant to a Judgment of Foreclosure and Sale entered herein, the plaintiff advertised the following described real estate to be sold at public auction to the highest bidder for cash on Monday, June 6, 2016 at the courthouse of the county in which the subject real estate is located, as set forth in the certificate of publication attached hereto and made a part hereof;

**That** at that time and place, I offered said premises for sale at public auction to the highest bidder on the terms specified in said advertisement;

**That** Johnson Bank offered and bid therefore the sum of one hundred thousand six hundred forty-six and 00/100 dollars ($100,646.00); and

**That** being the highest and best bid, I accordingly struck off and sold to said bidder the following described real estate:

LOT 18 IN BLOCK 7 IN MIDLAND DEVELOPMENT CO'S NORTH LAKE VILLAGE A SUBDIVISION OF THE NORTH 1/2 OF THE NORTHWEST 1/4 OF SECTION 5, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THE SOUTH 208.7 FEET EAST OF WOLF ROAD OF THE NORTH 1/2 OF THE NORTHWEST 1/4 AFORESAID) IN COOK COUNTY, ILLINOIS.

Commonly known as 116 S. Marilyn Avenue, Northlake, IL 60164.

P.I.N. 15-05-111-016-0000.



I, Shelly K. Hughes, the supervisor of sales of **Intercounty Judicial Sales Corporation**, special commissioner appointed in the matter captioned above, do hereby further report;

**That Intercounty Judicial Sales Corporation** has executed and delivered to said purchaser its Receipt of Sale, a copy of which is attached hereto, along with a copy of the Certificate of Sale (if any) delivered to said purchaser.

**That** the proceeds of said sale will, upon confirmation of the sale, be disbursed as follows:

**1. To the Plaintiff:**

| | | |
|---|---|---:|
| a) | The amount due under judgment | $256,305.13 |
| b) | Interest thereon from date of judgment to date of sale | $280.18 |
| c) | Publication costs | $733.00 |
| d) | Title Update | $75.00 |
| e) | Inspections | $60.00 |
| f) | Attorney Fees | $200.00 |
| | Subtotal | $257,653.31 |

**2. Costs of Sale**

| | | |
|---|---|---:|
| a) | To the special commissioner as commission | $600.00 |
| b) | Recording/Registration costs | $0.00 |
| | Subtotal | $600.00 |

**TOTAL AMOUNT DUE PLAINTIFF**         $258,253.31

**TOTAL PROCEEDS OF SALE**             $100,646.00

**SURPLUS OR (DEFICIENCY)**            ($157,607.31)

Respectfully submitted

Date: June 6, 2016

INTERCOUNTY JUDICIAL SALES CORPORATION

By _____
Shelly K. Hughes

# No match found

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/17/2016 11:18:50 | | | |
| **PACER Login:** | Kdao2550:2635683:0 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | SSN/ITIN: 8551 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



EXHIBIT
D